IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
HATTIESBURG DIVISION

**RICKY B. RYALS, # R5428**                                                              **PETITIONER**

**v.**                                                     **CIVIL ACTION NO. 2:11-cv-95-KS-MTP**

**CHUCK ABRAMS AND CHRISTOPHER EPPS**                              **RESPONDENTS**

### REPORT AND RECOMMENDATION

THIS MATTER is before the court on the petition of Ricky B. Ryals for Writ of Habeas Corpus [1] pursuant to 28 U.S.C. § 2254 and Respondents' Motion to Dismiss [5] pursuant to Section 2244(d). Having considered the submissions of the parties and the applicable law, the undersigned recommends that Respondents' Motion to Dismiss [5] be granted and that the petition be dismissed with prejudice.

PROCEDURAL HISTORY

On June 30, 1998, Petitioner Ricky B. Ryals pled guilty to capital murder in the Circuit Court of Forrest County, Mississippi, and by order filed July 1, 1998, was sentenced to life without parole.[1]

On or about June 25, 2001, Petitioner filed a motion for post-conviction collateral relief titled "Motion to Vacate and Set Aside Guilty Plea," Cause No. CI01-0116.[2] By order dated January 18, 2003, and filed February 21, 2003, the Circuit Court of Forrest County, Mississippi

---

[1] *See* Petition [1] at 1; Ex. A to Motion [5]. On December 2, 1997, Petitioner was indicted for capital murder and manslaughter for killing his wife, Judy Ryals, and her unborn child during the commission of a robbery. On June 30, 1998, Petitioner pled guilty to capital murder; the manslaughter charge was dismissed and the State waived the death penalty. *Ryals v. State*, 51 So. 3d 974, 975 (Miss. Ct. App. 2010).

[2] *See* Ex. B to Motion [5-2].

summarily dismissed the motion, reasoning that "Ryals [sic] 'sole ground' for relief is his belief that the State's offer of proof as to his guilt was insufficient to [sic] for the Court to accept his guilty plea," and that Petitioner waived the matter when he "knowingly and voluntary pled guilty to the charge."[3] On September 7, 2004, the Mississippi Court of Appeals affirmed the trial court's dismissal of Petitioner's motion for post-conviction collateral relief. *Ryals v. State*, No. 2003-CP-499-COA, 881 So. 2d 933 (Miss. Ct. App. 2004).[4] The Mississippi Court of Appeals recognized that Petitioner "contend[ed] that the 'sole' issue was whether the State's offer of proof was sufficient for the court to accept his plea[;]" however, because his petition and appellate brief alluded to the fact that his plea was invalid and that he received ineffective assistance of counsel, the court also analyzed those issues and found them to be without merit. *Id.* at 934-36. Petitioner did not file a petition for certiorari.

On or about June 23, 2008, Petitioner filed a second motion for post-conviction collateral relief, titled "Motion to Vacate and Set Aside Conviction and Sentence," in the Circuit Court of Forrest County, Mississippi, Cause No. CI08-0119.[5] By order dated April 30, 2009, and filed May 1, 2009, the trial court denied and dismissed Petitioner's motion and supplemental pleadings as time-barred pursuant to Miss. Code Ann. § 99-39-5, procedurally barred as a successive writ pursuant to Miss. Code Ann. § 99-39-27(9), and without merit.[6] The Mississippi Court of Appeals affirmed the trial court's dismissal on June 1, 2010. *Ryals v. State*, Cause No.

---

[3]*See* Ex. C to Motion [5-3].

[4]*See* Ex. D to Motion [5-4].

[5]*See* Ex. E to Motion [5-5].

[6]*See* Ex. F to Motion [5-6].

2009-CP-839-COA, 51 So. 3d 974 (Miss. Ct. App. 2010).[7] Petitioner's petition for rehearing was denied on October 12, 2010,[8] and his petition for certiorari was denied on January 20, 2011.[9]

Petitioner submitted his federal Petition for Writ of Habeas Corpus [1] on or about April 19, 2011. The Respondents contend that the petition was not timely filed and that it should be dismissed.

## DISCUSSION

The Antiterrorism and Effective Death Penalty Act (AEDPA), to which this case is subject, specifies that a petitioner seeking federal habeas relief must file his federal petition within one year from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A); *Egerton v. Cockrell,* 334 F.3d 433, 435 (5th Cir. 2003). A state judgment becomes final "upon denial of certiorari by the Supreme Court or expiration of the period for seeking certiorari." *Ott v. Johnson,* 192 F.3d 510, 513 (5th Cir. 1999).

As stated above, Petitioner pled guilty to capital murder and was sentenced by the court on July 1, 1998. While direct appeals from guilty pleas are prohibited under state law, Petitioner could have appealed an alleged illegal sentence within thirty days of the trial court's final judgment and sentence.[10] Accordingly, Petitioner's judgment became final-- and the statute of

---

[7]*See* Ex. G to Motion [5-7].

[8]*See* App. C to Petition [3-3].

[9]*See* App. D to Petition [3-4].

[10]Direct appeals are prohibited when a defendant enters a guilty plea. *See* Miss. Code Ann. § 99-35-101 (as amended eff. July 1, 2008) ("Any person convicted of an offense in a circuit court may appeal to the Supreme Court. However, where the defendant enters a plea of guilty and is sentenced, then no appeal from the circuit court to the Supreme Court shall be

limitations for federal habeas relief began to run-- on July 31, 1998, giving him until August 2, 1999,[11] to file his petition. Petitioner did not file his federal petition until, at the earliest, April 19, 2011,[12] more than eleven years after the federal statute of limitations had expired. Based on the foregoing, Petitioner's federal petition for habeas corpus is barred by the one-year statute of limitations unless he is entitled to either statutory or equitable tolling.

Whether statutory tolling occurred during the period between the judgment becoming final on July 31, 1998, and Petitioner's filing of the federal petition for habeas corpus on or about April, 19, 2011, is determined by reference to 28 U.S.C. § 2244(d)(2), which provides for tolling of the one-year limitation period during the time in "which a properly filed application for State post-conviction or other collateral review" remains pending.

As mentioned previously, Petitioner has filed two motions for post-conviction relief in state court. The first petition was filed on June 25, 2001, almost two years after the expiration of the deadline to file his federal habeas petition. The second was filed on or about June 23, 2008,

---

allowed."). However, at the time of Petitioner's plea, Mississippi law allowed a defendant to appeal an illegal sentence, as opposed to a guilty plea. *See Trotter v. State*, 554 So. 2d 313, 315 (Miss. 1989); *Burns v. State*, 344 So. 2d 1189, 1190 (Miss. 1977); *see also Egerton v. Cockrell*, 334 F.3d 433, 435 (5th Cir. 2003); *Rampage v. Thorton*, No. 3:06cv511-TSL-JCS, 2007 WL 1087485, at *2 (S.D. Miss. March 15, 2007). The Mississippi Court of Appeals has since recognized that this exception no longer applies due to the amendment of Miss. Code Ann. § 99-35-101, effective July 1, 2008. *See Seal v. State*, 38 So. 3d 635, 638 (Miss. Ct. App. 2010) (stating that Miss. Code Ann. § 99-35-101 (Supp. 2009), was amended effective July 1, 2008, to prohibit any direct appeal upon entry of a guilty plea, but recognizing that "prior to the amendment of the statute, a defendant, who entered a guilty plea and was sentenced, was allowed to challenge on direct appeal any sentence imposed as a result of his guilty plea").

[11] As Respondents correctly note, July, 31, 1999 fell on a Saturday. Consequently, the court will give Petitioner the benefit of the next business day, Monday, August 2, 1999.

[12] "Under the 'mailbox rule,' a prisoner's federal habeas corpus petition is deemed filed when he delivers the petition to prison officials for mailing to the district court." *Coleman v. Johnson*, 184 F.3d 398, 401 (5th Cir. 1999).

almost nine years past the expiration of the federal habeas deadline. Accordingly, Petitioner is not entitled to statutory tolling pursuant to Section 2244(d)(2), as he failed to file either state motion for post-conviction relief prior to the expiration of the deadline to file his federal petition.[13]

In his Traverse [6], Petitioner does not dispute that he is not entitled to statutory tolling pursuant to Section 2244(d)(2); however, he asserts that his Petition is not procedurally barred pursuant to the "state-created impediment exception" of 28 U.S.C. § 2244(d)(1)(B).[14] Section 2244(d)(1)(B) provides that AEDPA's one-year statute of limitations begins to run on "the date

---

[13]Moreover, Respondents correctly note that statutory tolling under Section 2244(d)(2) only applies to "properly filed" state petitions for post-conviction relief. *See Wardlaw v. Cain*, 541 F.3d 275, 277-79 (5th Cir. 2008). Because the state court dismissed Petitioner's second petition as time-barred and successive, it is not a "properly filed" petition. *See Pace v. DiGuglielmo*, 544 U.S. 408, 414-18 (2005) (quoting *Artuz v. Bennett*, 531 U.S. 4, 8, 11 (2000)) ("Time limits on postconviction petitions are 'condition[s] to filing,' such that an untimely petition would not be deemed 'properly filed.'"). The Supreme Court has held that "[w]hen a postconviction petition is untimely under state law, 'that [is] the end of the matter' for purposes of § 2244(d)(2).'" *Pace*, 544 U.S. at 414 (quoting *Carey v. Saffold*, 536 U.S. 214, 226 (2002)). Furthermore, when a state court denies a state petition as untimely, the fact that it also addresses the merits of the petition is irrelevant for purposes of Section 2244(d)(2). *Pace*, 544 U.S. at 413-16.

[14]Petitioner initially claims that 28 U.S.C. § 2244(d)(1)(D), the factual predicate exception, entitles him to statutory tolling "in regards to the DNA testing that was never done by the State . . . ." Traverse [6] at 1. However, he later refers to Section 2244(d)(1)(B), the state-created impediment exception, and it appears that his arguments are directed toward that exception, as he repeatedly refers to the "impediment" created by the State. As such, the court will address Petitioner's arguments regarding the DNA evidence in the context of Section 2244(d)(1)(B).

In any event, Section 2244(d)(1)(D), which provides that the limitations period begins to run "the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence," is inapplicable to Petitioner's argument regarding DNA testing. 28 U.S.C. § 2244(d)(1)(D). Petitioner could have discovered through the exercise of due diligence prior to the expiration of the one-year limitation period whether DNA testing was performed in his case.

on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such state action." Therefore, to invoke tolling under Section 2244(d)(1)(B), Petitioner "must show that: (1) he was prevented from filing a petition (2) by State action (3) in violation of the Constitution or federal law." *Egerton*, 334 F.3d at 436.

Petitioner first claims that the State of Mississippi prevented him from timely filing a federal petition by failing to perform DNA testing on evidence obtained during the investigation of his wife's murder and then allegedly destroying that evidence.[15] He argues that the State's failure to test the evidence for DNA and its alleged subsequent destruction of the evidence created an impediment, thereby triggering Section 2244(d)(1)(B).

The court finds Petitioner's argument unavailing. Petitioner has failed to show that the State's alleged actions regarding DNA evidence prevented him from filing a timely habeas petition. As Petitioner correctly notes in his Traverse [6], DNA testing was available when his judgment became final on July 31, 1998. Accordingly, Petitioner could have filed a state motion for post-conviction relief raising the issue of DNA testing within a year of his judgment, thereby tolling the one-year statute of limitations pursuant to Section 2244(d)(2). Instead, he waited almost two years after the expiration of the federal habeas deadline to file his first motion for post-conviction relief in state court.[16]

---

[15]The evidence Petitioner refers to are the clothes worn by his brother and co-defendant, Michael Ryals, during the commission of his wife's murder.

[16]Additionally, as noted by Respondents, DNA testing on the clothes worn by Petitioner's brother, Michael, would not likely serve to exonerate him. Petitioner asserts the State should have performed DNA testing on the shorts worn by his brother Michael in order to determine if they bore the blood of the victim, Petitioner's wife. He argues that if the victim's blood was

6

Petitioner also argues that he is entitled to statutory tolling and/or equitable tolling due to the ineffective assistance of his trial counsel. Specifically, Petitioner asserts that he received ineffective assistance of counsel due to his attorney's failure to complete discovery before recommending that he plead guilty to capital murder, his failure to request DNA testing, and his failure to prepare for trial. Petitioner has failed to show his trial counsel's alleged ineffective assistance prevented him from timely filing a petition. Likewise, he has failed to show that the state courts' decisions regarding his ineffective assistance claims prevented him from timely filing a federal petition. *See Egerton*, 334 F.3d at 436. Petitioner could have filed a timely petition regarding his claim of ineffective assistance of counsel at the time his judgment became final. However, he waited almost three years after his judgment became final to file his first state motion for post-conviction collateral relief.

For the foregoing reasons, the court finds that Petitioner is not entitled to statutory tolling pursuant to Section 2244(d)(1)(B).

The decision to apply the equitable tolling doctrine to the one-year limitation period set forth in Section 2244(d) rests within the sound discretion of the district court. *Fisher v. Johnson*, 174 F.3d 710, 713 (5th Cir. 1999). The Supreme Court has stated that in order to be entitled to equitable tolling, a petitioner must demonstrate "'(1) that he has been pursing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely

---

found on Michael's clothes, "it would clearly reflect that Michael killed Ms. Ryals." Traverse [6] at 2. However, Petitioner testified during his sentencing hearing that Michael killed Ms. Ryals, that Petitioner was present when Michael killed Ms. Ryals, and that Michael killed Ms. Ryals at his direction. *See* Order, Ex. F to Motion [5-6] at 8-9 (quoting testimony from sentencing hearing). Therefore, the presence of the victim's blood on Michael's clothes is irrelevant, as it would not serve to disprove any of Petitioner's previous admissions.

filing." *Lawrence v. Florida*, 549 U.S. 327, 336 (2007) (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)). Thus, generally, equitable tolling is appropriate only in "rare and exceptional circumstances." *Davis v. Johnson,* 158 F.3d 806, 811 (5th Cir. 1998). Petitioner bears the burden of proving the existence of rare and exceptional circumstances. *Alexander v. Cockrell*, 294 F.3d 626, 629 (5th Cir. 2002). Equitable tolling "applies principally where the plaintiff is actively misled by the defendant about the cause of action or is prevented in some extraordinary way from asserting his rights." *Ott v. Johnson,* 192 F.3d 510, 513 (5th Cir. 1999) (citing *Coleman v. Johnson*, 184 F.3d 398, 402 (5th Cir. 1999)). The court should "examine each case on its facts to determine whether it presents sufficiently 'rare and exceptional circumstances' to justify equitable tolling." *Fisher*, 174 F.3d at 713 (quoting *Davis*, 158 F.3d at 811).

Petitioner claims he is entitled to equitable and/or statutory tolling because he was denied "the basic fundamental right to the effective assistance of counsel," "due process," and "fair appellate process," and the State withheld evidence which could have been tested for DNA. Traverse [6] at 6.

Petitioner's claims that his trial counsel was ineffective do not justify equitable tolling. *See Cousin v. Lensing*, 310 F.3d 843, 849 (5th Cir. 2002) (holding that "mere attorney error or neglect is not an extraordinary circumstance such that equitable tolling is justified"); *Martin v. Quarterman*, No. 3:08-CV-2059-M, 2009 WL 562218, at *4 (N.D. Tex. Mar. 4, 2009); *Abshire v. Quarterman*, Nos. 3:08-CV-0130-M, 3:08-CV-0205-M, 2008 WL 2604815, at *3 (N.D. Tex. June 30, 2008) ("Since [his trial counsel's conduct] occurred before the date on which Petitioner's convictions became final, it is irrelevant for purposes of equitable tolling.").

Likewise, Petitioner's general claims of denial of due process and a fair appellate process

and the State's alleged destruction of DNA evidence fail to demonstrate rare and exceptional circumstances. Petitioner has failed to show he was actively misled or was prevented in some extraordinary way from asserting his rights. *See Ott,* 192 F.3d at 513.

In addition to the arguments above, Petitioner claims his petition warrants "special treatment" because the affidavit of his brother Michael reflects a recantation of his prior statement to police that Petitioner committed the murder, and the affidavits of Eva Ryals (his mother) and Roseanne Jarrett support Michael's affidavit.[17]

Michael's affidavit, dated August 7, 2003, reflects that he lied to police so they would "work a deal" with him. Specifically, Michael's affidavit states that he told police that he, Petitioner, and co-defendant Jana "talked about it" and then went to Petitioner's wife's apartment where Michael watched Petitioner kill his wife. The affidavit further states that Michael had actually never spoken with Petitioner or Jana about the murder, and that Michael killed Petitioner's wife because he was mad at her for not giving him a ride. Michael states that Petitioner and Jana did not know anything about the murder until the following day.[18]

The affidavit of Eva Ryals, dated December 13, 2006, states that her son Michael told her he was the one who killed Petitioner's wife and that Petitioner and co-defendant Jana did not know anything about the murder until the day after it happened.[19] The affidavit of Roseanne Jarrett, dated April 2, 2008, states that Jana told her on January 8, 2008, that she did not know

---

[17]*See* Supporting Brief [3] at 5.

[18]*See* App. I to Brief [3-9].

[19]*See* App. J to Brief [3-10].

anything about the murder.[20]

The only claim Petitioner appears to make in conjunction with Michael's affidavit is his actual innocence.[21] However, a mere *claim* of actual innocence does not constitute rare and exceptional circumstances to warrant equitable tolling. *Cousin v. Lensing*, 310 F.3d 843, 849 (5th Cir. 2002); *Felder v. Johnson*, 204 F.3d 168, 171 (5th Cir. 2000) ("Felder's actual innocence claim also does not constitute a 'rare and exceptional' circumstance, given that many prisoners maintain they are innocent."). Petitioner has not made a *showing* of actual innocence, as he has not provided any new reliable evidence to prove his actual innocence. *Felder*, 204 F.3d at 171, n.8.

Additionally, Petitioner claims he did not find out about Michael's affidavit until December 2006, and that he could not have found out about it any earlier because he was not

---

[20]*See* App. K to Brief [3-11].

[21]Petitioner does not assert "actual innocence" as a separate ground in his federal petition. However, throughout his pleadings, he claims he had nothing to do with the murder of his wife and that he only pled guilty to avoid the death penalty because his counsel told him he would not represent him if he went to trial. This claim is in direct contradiction with his testimony during his plea and sentencing hearing. At Petitioner's plea hearing, the following testimony occurred:

> Ryals stated that he was competent to enter a plea of guilty. Ryals also stated that he understood the nature of the charge against him, that he did, in fact, commit capital murder, and that he was aware of the maximum and minimum penalties that accompany it. Finally, Ryals stated that he was aware that by pleading guilty he was giving up certain constitutional rights, such as a right to a trial by jury.

*Ryals*, 881 So. 2d at 935. During his sentencing hearing, Petitioner denied killing his pregnant wife, but stated "that he participated in his wife's murder but his brother was the one who actually beat her with a bat and slit her throat." *Id.* He stated "that his intention was to have his wife murdered because his girlfriend wanted her out of the picture." *Id.*; *see also* Order, Ex. F to Motion [5-6] at 8-9.

allowed any contact with Michael.[22]  However, even assuming this assertion is true, Petitioner waited almost a year-and-a-half later to file his state motion for post-conviction for collateral relief raising the issue of Michael's affidavit.  Thus, Petitioner did not diligently pursue habeas relief and is not entitled to equitable tolling.[23]  *See Lawrence*, 549 U.S. at 336; *see also Melancon v. Kaylo*, 259 F.3d 401, 408 (5th Cir. 2001) (holding that because petitioner waited more than four months after the Louisiana Supreme Court's denial of his application for a supervisory writ to file his federal habeas petition, he did not "expediently" file his federal habeas petition and, thus, equitable tolling was not warranted); *Wickware v. Thaler*, 404 F. App'x 856, 861 (5th Cir. 2010) (internal citations and quotations omitted) (stating "we have repeatedly emphasized that equitable tolling is not available to those who sleep on their rights").

Finally, to the extent Petitioner claims Michael's affidavit triggers the "factual predicate" exception in Section 2244(d)(1)(D), such claim is without merit.  Surely Petitioner knew whether or not he was innocent at the time of his guilty plea.  Moreover, actual innocence is not an independent ground for federal habeas relief.  *See Herrera v. Collins*, 506 U.S. 390, 400 (1993) ("Claims of actual innocence based on newly discovered evidence have never been held to state

---

[22]*See* Ex. E to Motion [5-5] at 3, 10.  The trial court rejected this argument when Petitioner raised it in his second motion for post-conviction collateral relief.  The court held that "there is absolutely no showing that Ryals could not have obtained the alleged information from Michael (or even Jana) prior to the time of Ryals' plea."  *See* Ex. F to Motion [5-6] at 4.  "This alleged statement and Affidavit of Michael is not newly discovered evidence which was 'not reasonably discoverable at the time' of Ryals' plea."  *Id.* at 5.

[23]Ms. Ryals' affidavit is also dated December 2006, thus, this conclusion applies to her affidavit as well.  The court also notes that Ms. Ryals' affidavit consists largely of hearsay and thus, is of little probative value.  *See* App. J to Brief [3-10].

The affidavit of Ms. Jarrett, which also consists of hearsay, does not mention Petitioner and is irrelevant to his petition.  *See* App. K to Brief [3-11].

a ground for federal habeas relief absent an independent constitutional violation occurring in the underlying state criminal proceeding."); *see also Tate v. Parker*, No. 4:06CV99 DPJ-FKB, 2010 WL 2606045, at *2 (S.D. Miss. June 22, 2010) (holding that alleged new evidence in the form of an affidavit reflecting recanted testimony failed to form the factual predicate for any cognizable claim reflected in the supplemental petition). Even assuming the factual predicate exception were triggered, Petitioner's petition would still be untimely. If Petitioner learned of Michael's affidavit in December 2006, he still did not file his federal petition until April 19, 2011, over four years after the time period to file his federal petition expired.[24]

## CONCLUSION

Petitioner's state court conviction became final on July 31, 1998. Based upon the one-year limitation period found in 28 U.S.C. § 2244(d)(1)(A), he had until August 2, 1999, at the latest, to file a federal petition for a writ of habeas corpus. Based on this court's conclusion that Petitioner has failed to meet his burden of proving that statutory or equitable tolling is appropriate, and because he did not file his federal petition until April 19, 2011, he cannot avoid the statutory bar of Section 2244(d).

## RECOMMENDATION

For the reasons stated above, the undersigned recommends that the Respondents' Motion to Dismiss [5] be GRANTED and that Petitioner's Petition for Writ of Habeas Corpus be dismissed with prejudice.

---

[24]Moreover, Petitioner did not file his second motion for post-conviction collateral relief addressing Michael's affidavit until June 4, 2008. Thus, there was no "properly filed" application for State post-conviction relief to toll the one-year federal limitation period. *See* 28 U.S.C. § 2244(d)(2).

NOTICE OF RIGHT TO OBJECT

In accordance with the rules and 28 U.S.C. § 636(b)(1), any party within fourteen days after being served a copy of this recommendation, may serve and file written objections to the recommendations, with a copy to the judge, the magistrate judge and the opposing party. The District Judge at the time may accept, reject or modify in whole or part, the recommendations of the Magistrate Judge, or may receive further evidence or recommit the matter to this court with instructions. The parties are hereby notified that failure to file written objections to the proposed findings, conclusions, and recommendations contained within this report and recommendation within fourteen days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the proposed factual findings and legal conclusions accepted by the district court to which the party has not objected. *Douglass v. United Servs. Auto. Ass'n,* 79 F.3d 1415, 1428-29 (5th Cir. 1996).

THIS, the 16thh day of August, 2011.

s/ Michael T. Parker
United States Magistrate Judge