IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
HATTIESBURG DIVISION

RICKY B. RYALS, #R5428

VS.                                                          CIVIL ACTION NO. 2:11cv95-KS-MTP

CHUCK ABRAMS AND CHRISTOPHR EPPS

ORDER ACCEPTING MAGISTRATE JUDGE'S RECOMMENDATION
AND DISMISSING CASE WITH PREJUDICE, ETC.

This cause is before the Court on Petition of Ricky B. Ryals for Writ of Habeas Corpus [1] filed pursuant to 28 U.S.C. § 2254, Respondents' Motion to Dismiss [5] filed pursuant to 2244(d), Report and Recommendation filed by Magistrate Judge Michael T. Parker [8], and Objection thereto filed by Petitioner [9]. The Court has considered the submissions of the parties and the applicable law and record herein. The Court finds that Respondents' Motion to Dismiss [5] should be granted and that the Petition should be dismissed with prejudice as hereinafter stated.

I. PROCEDURAL HISTORY

On June 30, 1998, Petitioner Ricky B. Ryals pled guilty to capital murder in the Circuit Court of Forrest County, Mississippi, and by order filed July 1, 1998, was sentenced to life without parole.[1]

---

[1] *See* Petition [1] at 1; Ex. A to Motion [5]. On December 2, 1997, Petitioner was indicted for capital murder and manslaughter for killing his wife, Judy Ryals, and her unborn child during the commission of a robbery. On June 30, 1998, Petitioner pled guilty to capital murder; the manslaughter charge was dismissed and the State waived the death penalty. *Ryals v. State*, 51 So. 3d 974, 975 (Miss. Ct. App. 2010).

On or about June 25, 2001, Petitioner filed a motion for post-conviction collateral relief titled "Motion to Vacate and Set Aside Guilty Plea," Cause No. CI01-0116.[2] By order dated January 18, 2003, and filed February 21, 2003, the Circuit Court of Forrest County, Mississippi summarily dismissed the motion, reasoning that "Ryals [sic] 'sole ground' for relief is his belief that the State's offer of proof as to his guilt was insufficient to [sic] for the Court to accept his guilty plea," and that Petitioner waived the matter when he "knowingly and voluntary pled guilty to the charge."[3] On September 7, 2004, the Mississippi Court of Appeals affirmed the trial court's dismissal of Petitioner's motion for post-conviction collateral relief. *Ryals v. State*, No. 2003-CP-499-COA, 881 So. 2d 933 (Miss. Ct. App. 2004).[4] The Mississippi Court of Appeals recognized that Petitioner "contend[ed] that the 'sole' issue was whether the State's offer of proof was sufficient for the court to accept his plea[;]" however, because his petition and appellate brief alluded to the fact that his plea was invalid and that he received ineffective assistance of counsel, the court also analyzed those issues and found them to be without merit. *Id.* at 934-36. Petitioner did not file a petition for certiorari.

On or about June 23, 2008, Petitioner filed a second motion for post-conviction collateral relief, titled "Motion to Vacate and Set Aside Conviction and Sentence," in the Circuit Court of Forrest County, Mississippi, Cause No. CI08-0119.[5] By order dated April 30, 2009, and filed May 1, 2009, the trial court denied and dismissed Petitioner's motion and supplemental pleadings as time-barred pursuant to Miss. Code Ann. § 99-39-5, procedurally barred as a

---

[2]*See* Ex. B to Motion [5-2].

[3]*See* Ex. C to Motion [5-3].

[4]*See* Ex. D to Motion [5-4].

[5]*See* Ex. E to Motion [5-5].

successive writ pursuant to Miss. Code Ann. § 99-39-27(9), and without merit.[6] The Mississippi Court of Appeals affirmed the trial court's dismissal on June 1, 2010. *Ryals v. State*, Cause No. 2009-CP-839-COA, 51 So. 3d 974 (Miss. Ct. App. 2010).[7] Petitioner's petition for rehearing was denied on October 12, 2010,[8] and his petition for certiorari was denied on January 20, 2011.[9]

Petitioner submitted his federal Petition for Writ of Habeas Corpus [1] on or about April 19, 2011.  The Respondents contend that the petition was not timely filed and that it should be dismissed.

## II. STANDARD OF REVIEW

When a party objects to a Report and Recommendation this Court is required to "make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1).  See also *Longmire v. Gust*, 921 F.2d 620, 623 (5th Cir. 1991) (Party is "entitled to a *de novo* review by an Article III Judge as to those issues to which an objection is made.") Such review means that this Court will examine the entire record and will make an independent assessment of the law. The Court is not required, however, to reiterate the findings and conclusions of the Magistrate Judge. *Koetting v. Thompson*, 995 F.2d 37, 40 (5th Cir. 1993) nor need it consider objections that are frivolous, conclusive or general in nature.  *Battle v. United States Parole Commission*, 834 F.2d 419, 421 (5th Cir. 1997).  No factual objection is raised when a petitioner merely reurges arguments

---

[6]*See* Ex. F to Motion [5-6].

[7]*See* Ex. G to Motion [5-7].

[8]*See* App. C to Petition [3-3].

[9]*See* App. D to Petition [3-4].

contained in the original petition.  *Edmond v. Collins*, 8 F.3d 290, 293 (5th Cir. 1993).

### III.  PETITIONER'S OBJECTIONS AND ANALYSIS

Petitioner's objections to the Magistrate's findings are misplaced.  The Motion to Dismiss is based on 28 U.S.C. §2244(d) which is the statute of limitations for filing for federal habeas relief.  Under the AEDPA the petitioner must file for federal habeas relief within one year from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review."  *Egerton v. Cockrell*, 334 F. 3d 433, 435 (5th Cir. 2002) The petitioner does not challenge the applicable statute and does not address the Magistrate Judge's Report and Recommendation on equitable tolling.  The Objection filed by Petitioner is largely irrelevant to the findings of the Magistrate Judge and this Court finds that the Petitioner is not entitled to statutory or equitable tolling and that his Petition is barred by the one-year statute of limitations under the AEDPA, and that said Motion to Dismiss [5] is well taken.

### IV.  CONCLUSION

As required by 28 U.S.C. § 636(b)(1) this Court has conducted an independent review of the entire record and a *de novo* review of the matters raised by the objections.  For the reasons set forth above, this Court concludes that Ryals' objections lack merit and should be overruled. The Court further concludes that the proposed Report and Recommendation is an accurate statement of the facts and the correct analysis of the law in all regards. Therefore, the Court accepts, approves and adopts the Magistrate Judges's factual findings and legal conclusions contained in the Report and Recommendation.

Accordingly, it is ordered that the United States Magistrate Judge Michael T. Parker's

Report and Recommendation is accepted pursuant to 28 U.S.C. § 636(b)(1) and that Ricky B. Ryals' claim is **dismissed with prejudice**. All other pending motions are denied as moot.

SO ORDERED this, the 31st day of August, 2011.

*s/ Keith Starrett*
UNITED STATES DISTRICT JUDGE